IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN FRANTZ, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 3:15-cv-3444 |
| NATIONSTAR MORTGAGE, LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | COLLECTIVE ACTION |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, NATHAN FRANTZ ("Plaintiff"), on behalf of himself and all other similarly situated employees, files this Complaint against NATIONSTAR MORTGAGE, LLC ("Nationstar" or "Defendant"), showing in support as follows:

**I.     NATURE OF THE CASE**

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek. Namely, Plaintiff was not paid all overtime wages owed because Defendant failed to include all remuneration required by the FLSA in calculating his regular rate of pay.

2. Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated individuals who worked for Defendant as foreclosure prevention specialists, were paid an hourly rate of pay, and like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Nathan Frantz

4. Plaintiff is a natural person who resides in Denton County, Texas. He has standing to file this lawsuit.

5. Plaintiff worked for Defendant as a foreclosure prevention specialist at Defendant's place of business located at 2501 S. State Hwy 121, Building L, Lewisville, Texas from approximately November 2010 to August 2015.

6. Plaintiff was paid an hourly rate plus bonus/commission compensation. This bonus/commission compensation was based on Plaintiff's work meeting periodic performance objectives.

### B.     Collective Action Members

7. The putative collective action members are all current and/or former foreclosure prevention specialists of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. Because Defendant did not pay all overtime premium compensation to its foreclosure prevention specialists who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

8. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### C.     Defendant Nationstar Mortgage, LLC

9. Defendant is a foreign limited liability company organized under the laws of the State of Delaware.

10. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

11. Defendant's principal place of business is located at 8950 Cypress Waters Boulevard, Coppell, Dallas County, Texas 75019.

12. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

13. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

14. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

15. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include selling and servicing mortgage loan and other financial products provided by Defendant to customers in Texas and states other than Texas and communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

16. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include equipment and supplies/materials used in connection with mortgage operations.

17. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

18. Defendant may be served with summons through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### D. Jurisdiction and Venue

19. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

20. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

21. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

22. Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant maintains its principal place of business within this District.

23. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because, as previously identified, Defendant maintains its principal place of business within the Dallas Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the Dallas Division.

### III. FACTUAL BACKGROUND

24. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

25. Defendant employs/employed numerous foreclosure prevention specialists in connection with its mortgage selling and servicing operations throughout locations in the United States. Those workers work/worked on and/or in support of Defendant's operations of selling and servicing mortgage loans.

26. Plaintiff was an hourly employee who worked on Defendant's office located in Lewisville, Texas. Plaintiff routinely worked in excess of 40 hours in a seven day workweek.

27. Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA. When he worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

28. In addition to receiving hourly pay, Plaintiff also received additional remuneration, including performance based bonuses.

29. Although Defendant paid Plaintiff overtime premium compensation for on-the-clock work at one and one-half times his hourly rate of pay, Defendant failed to include all remuneration required by the FLSA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime compensation owed by Defendant.

30. Plaintiff worked with numerous other foreclosure prevention specialists of Defendant. Like Plaintiff, those employees, before, during and after Plaintiff's dates of employment, routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration, such as performance based bonuses, in addition to their hourly rate, and did not/do not receive all overtime compensation

owed by Defendant due to Defendant not including all remuneration required by the FLSA in their respective regular rates of pay.

31.  During times relevant, Defendant operates/operated numerous other locations of employment throughout the United States at which it conducts/conducted mortgage servicing operations including Chandler, Arizona. On information and belief, Defendant employed, and continues to employee, foreclosure prevention specialists at that location who are similarly situated to Plaintiff and who, despite being entitled to overtime premium compensation at one and one-half times their regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt employees, were not paid all overtime compensation owed due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay.

32.  On information and belief, Defendant continues to employ foreclosure prevention specialists that are subject to the aforementioned practices/policies to not include all remuneration required by the FLSA in their respective regular rate of pay when calculating the overtime wages owed.

### IV.  CONTROLLING LEGAL RULES

33.  The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

34.  "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

35.  Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the

workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

36. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

37. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

38. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V.  FLSA CLAIMS

39. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

40. All conditions precedent to this suit, if any, have been fulfilled.

41. At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

42. At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

43. Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

44. Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, such as performance based bonuses.

45. At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

46. Defendant is/was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

47. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

48. The putative collective action members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

49. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

50. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     FLSA COLLECTIVE ACTION

51. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

*See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

52. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former foreclosure prevention specialists who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required by the FLSA in their respective regular rates of pay. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

53. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

54. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

55. Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

56. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

  c.  Liquidated damages in an amount equal to back FLSA mandated wages;

  d.  Legal fees;

  e.  Costs;

  f.  Post-judgment interest; and

  g.  All other relief to which Plaintiff and the Collective Action Members are entitled.

            Respectfully submitted,

          By: <u>s/ Allen R. Vaught</u>
             Allen R. Vaught
             TX Bar No. 24004966
             Ryan J. Burton
             TX Bar No 24050362
             Melinda Arbuckle
             TX Bar No 2080773
             Baron & Budd, P.C.
             3102 Oak Lawn Avenue, Suite 1100
             Dallas, Texas  75219
             (214) 521-3605 – Telephone
             (214) 520-1181 – Facsimile
             avaught@baronbudd.com
             rburton@baronbudd.com
             marbuckl@baronbudd.com

        ATTORNEYS FOR PLAINTIFFS